UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB PARENTI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>    Defendants. | Case No.14-cv-05481-BLF (SVK)<br><br>**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION TO EXCLUDE NON-RETAINED EXPERTS**<br><br>Re: Dkt. No. 76 |

Plaintiffs, the Estate of Jacob Parenti, Mr. Parenti's minor son, and Mr. Parenti's mother ("Plaintiffs") assert violations of federal and state law by Monterey County, Sheriff Scott Miller, and Deputy Collins ("County Defendants"), as well as California Forensic Medical Group and Dr. Taylor Fithian ("CFMG Defendants"). On March 30, 2017, Plaintiffs filed a motion to exclude expert testimony of County Defendants and CFMG Defendants in which Plaintiffs asked the Court to (1) limit the CFMG Defendants to one retained expert on the topics of cause of death and adequacy of medical care, (2) exclude inadmissible opinions of experts retained by the CFMG Defendants and the County Defendants, and (3) prohibit testimony by CFMG Defendants' non-retained experts who were not adequately disclosed as required by Rule 26. ECF 76.

On May 3, 2017, the District Court granted in part and denied in part Plaintiffs' motion as it related to retained experts of both County and CFMG Defendants. The Court referred the issue of whether two of CFMG Defendants' non-retained experts, Julie Kelly, PA-C and Delmar Greenleaf, M.D., should be excluded because of CFMG Defendants' failure to comply with Rule 26[1] disclosure requirements for non-retained experts. ECF 87. Having reviewed the motion and for the reasons discussed below, the undersigned recommends that the District Court grant

---

[1] All references to Rules are to the Federal Rules of Civil Procedure unless noted otherwise.

Plaintiffs' motion in part and limit the testimony of Kelly and Greenleaf as set forth below.

## I. RELEVANT FACTUAL BACKGROUND

On September 2, 2016, the District Court entered a Case Scheduling Order setting an expert disclosure deadline of October 22, 2016, a rebuttal expert disclosure deadline of November 22, 2016, and an expert discovery cutoff of January 17, 2017. ECF 61. On October 21, 2016, CFMG Defendants served their expert witness disclosures pursuant to Rule 26.

CFMG Defendants disclosed five retained experts and twelve non-retained experts. Their listing of non-retained experts identified only each expert's name, degree, and address. ECF 76-1 at 90-94.

On November 17, 2016, the Court continued the expert disclosure deadline from November 22, 2016 to January 18, 2017 and continued the last day for expert depositions from January 17, 2017 to August 17, 2017. ECF 64.

Plaintiffs and CFMG Defendants met and conferred regarding CFMG Defendants' expert disclosure. Plaintiffs identified, among other objections, that CFMG Defendants' list of non-retained experts failed to provide the information required under Rule 26(a)(2)(C), including a summary of facts and opinions. On January 11, 2017, CFMG Defendants served an amended disclosure providing additional, albeit limited, information regarding the expected testimony of the twelve non-retained witnesses, including Kelly and Greenleaf. ECF 76-2 at 37-40. CFMG Defendants disclosed Kelly and Greenleaf as follows:

> *Julie Kelly, PA-C*, c/o CDCR Avenal State Prison, P.S. Box 39, Avenal, CA 93204; (559) 386-0587. Ms. Kelly will testify regarding authentication, interpretation and other issues pertaining to her treatment records and treatment related to Mr. Parenti in connection with his health care at Avenal State Prison.
>
> *Delmar Greenleaf, M.D.*, c/o CDCR Avenal State Prison, P.O. Box 39, Avenal, CA 93204; (559) 386-0587. Dr. Greenleaf will testify regarding authentication, interpretation and other issues pertaining to his treatment records and treatment related to Mr. Parenti in connection with his health care at Avenal State Prison.

Plaintiffs, in their motion to exclude filed March 30, 2017, argue that Kelly and Greenleaf should be stricken because the CFMG Defendants' disclosures do not satisfy Rule 26. ECF 76 at

2

23-25. In opposition to Plaintiff's motion, CFMG Defendants defend only their retained experts and do not offer a response to Plaintiffs' arguments regarding the insufficient Rule 26 disclosures of Kelly and Greenleaf. *See generally* ECF 80.[2]

## II. LEGAL STANDARD

A party must disclose to other parties the identity of any witness it may use at trial to present expert testimony. Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony . . ." Fed. R. Civ. P. 26(a)(2)(B). However, in cases where a full report is not required under Rule 26(a)(2)(B), a party is required to disclose

> the subject matter on which the witness is expected to present evidence . . . [and] a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

The Advisory Committee Notes explain that Rule 26(a)(2)(C) mandates "summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment (noting that physicians or other health care professionals are common examples of witnesses exempt from Rule 26(a)(2)(B)'s written report requirement); *see Goodman v. Staples the Office Superstore, LLC,* 644 F.3d 817, 826 (9th Cir. 2011) (treating physicians are exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that their opinions were formed during the course of treatment).

If a party fails to disclose the facts and opinions to which non-retained experts would testify, that party has the burden to show "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *Goodman*, 644 F.3d at 826. In considering whether to exclude testimony, Rule 37 requires a court to consider the harm, if any, caused by the failure to comply, and provides alternative, lesser sanctions "instead of" exclusion. Fed. R. Civ. P. 37(c)(1); *Pineda v. City & Cty.*

---

[2] The Court notes that CFMG Defendants, in the Declaration of Peter G. Bertling, suggest that their disclosures are sufficient as compared to Plaintiffs' disclosures. ECF 80-1 at 7. This argument is unpersuasive and improperly raised in a declaration in violation of Civil Local Rule 7-5(b). Civ. L. R. 7-5(b) ("An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument.").

3

*of San Francisco*, 280 F.R.D. 517, 520 (N.D. Cal. 2012) ("Limiting the automatic sanction to violations 'without substantial justification' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations.").

**III. ANALYSIS**

The Court finds that CFMG Defendants' supplemental disclosures of Kelly and Greenleaf do not comply with Rule 26(a)(2)(C) because the disclosures, even after supplementation, do not contain a summary of the facts and opinions to which Kelly and Greenleaf will testify. The disclosure required for non-retained experts under Rule 26(a)(2)(C) is "considerably less extensive than the report required by Rule 26(a)(2)(B)." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. However, the high level summary provided by CFMG Defendants provides only the most modest description imaginable (e.g., "authentication" and "interpretation") along with a catchall category ("other issues") that does nothing to narrow the universe on which Kelly and Greenleaf may testify. These descriptions do not, by themselves, satisfy Rule 26(a)(2)(C).

In its opposition to Plaintiffs' original motion, CFMG did not address Plaintiffs' argument regarding non-retained experts, much less offer any argument as to why its lack of compliance with Rule 26 is "substantially justified" or "harmless," which could excuse it from the sanction of exclusion. Fed. R. Civ. P. 37(c)(1). The Court cannot speculate as to whether the failure to properly disclose Kelly and Greenleaf was substantially justified, but the failure to properly disclose is not harmless, particularly in light of the number of non-retained experts disclosed by CFMG Defendants. Absent the disclosure required under Rule 26(a)(2)(C), Plaintiffs cannot make an informed decision on whether they should depose Kelly and Greenleaf. If Plaintiffs choose to depose Kelly and Greenleaf, their ability to prepare for and conduct a meaningful deposition is undermined by not knowing in advance Kelly's and Greenleaf's opinions and the main facts on which those opinions are based.

Although CFMG's failure to timely comply with Rule 26(a)(2)(C) is neither substantially justified nor harmless, and Plaintiffs' objections have merit, the Court nonetheless will not impose the harsh sanction of excluding Kelly and Greenleaf entirely from testifying at trial. Given the recent order by this Court and the fact that expert depositions are just getting underway, the Court

4

limits Kelly's and Greenleaf's respective testimony as set forth below.

*Kelly*: Kelly may testify only regarding the authentication and interpretation of her relevant treatment records of and relevant communications with decedent, Jacob Parenti, or any other Plaintiff.

*Greenleaf*: Greenleaf may testify only regarding the authentication and interpretation of his relevant treatment records of and relevant communications with decedent, Jacob Parenti, or any other Plaintiff.

Neither Kelly nor Greenleaf may offer testimony regarding any "other issues pertaining to . . . treatment records and treatment related to Mr. Parenti in connection with his health care at Avenal State Prison."

## IV. CONCLUSION

The undersigned RECOMMENDS that the District Court, in the exercise of its discretion, enter an order limiting the expert testimony of Julie Kelly, PA-C and Delmar Greenleaf, M.D. as directed above.

**SO RECOMMENDED.**

Dated: May 10, 2017

SUSAN VAN KEULEN
United States Magistrate Judge

5