United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JACOB PARENTI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>    Defendants. | Case No. 14-cv-05481-BLF<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION TO EXCLUDE NON-RETAINED EXPERTS**<br><br>[Re: ECF 76, 88] |

Before the Court is Magistrate Judge Susan van Keulen's Report and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion to Exclude Non-Retained Experts. R&R, ECF 88. No objection to the Report and Recommendation has been filed and the deadline to object has expired. *See* Fed. R. Civ. P. 72(b)(2) (deadline for objection is fourteen days after being served with report and recommendation).

The Report and Recommendation addresses Plaintiffs' motion to exclude two of the non-retained experts disclosed by Defendants California Forensic Medical Group and Dr. Taylor Fithian ("CFMG Defendants"), which was made as part of a larger motion to exclude heard by this Court on April 27, 2017. *See* Pl.'s Motion to Exclude, ECF 76. The Court ruled on most aspects of Plaintiffs' motion in an order issued May 3, 2017, but it referred to Judge van Keulen the issue of whether non-retained experts Julie Kelly and Dr. Delmar Greenleaf should be excluded based on the CFMG Defendants' failure to comply with the disclosure requirements of Federal Rule of Civil Procedure 26. *See* Order Granting in Part and Denying in Part Plaintiffs' Motion to Exclude, ECF 87. Judge van Keulen recommends that the Court deny the motion to exclude Kelly and Greenleaf altogether but limit their trial testimony significantly.

The Court finds the Report and Recommendation to be correct, well-reasoned, and thorough. Specifically, the Court agrees with Judge van Keulen that the CFMG Defendants' disclosures regarding Kelly and Greenleaf do not comply with Rule 26(a)(2)(C) and that the appropriate remedy is to limit the witnesses' testimony to the disclosures which were provided. *See* R&R at 4-5, ECF 88.

Accordingly, the Court:

(1) ADOPTS the Report and Recommendation in its entirety; and

(2) LIMITS the trial testimony of Kelly and Greenleaf as set forth in the Report and Recommendation.

**IT IS SO ORDERED.**

Dated: June 6, 2017

_____
BETH LABSON FREEMAN
United States District Judge